**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 28, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Jennifer F. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 24-0075-CDA

Dear Counsel:

On January 9, 2024, Plaintiff Jennifer F. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' filings (ECFs 12-1, 14-15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the Court will AFFIRM the SSA's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

On April 26, 2019, Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits, alleging a disability onset date of January 26, 2018. Tr. 197-214. Plaintiff's claims were denied initially and on reconsideration. Tr. 131-38, 140-45. On April 14, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33-66. Following the hearing, on June 30, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12-30. After the Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1-5, the Court remanded Plaintiff's case to the Commissioner on December 12, 2022 for further administrative proceedings in accordance with the fourth sentence of 42 U.S.C. § 405(g), Tr. 835-40. On February 1, 2023, the AC vacated the SSA's decision and remanded Plaintiff's case to an ALJ for a new hearing. Tr. 841-45. On June 27, 2023, an ALJ held a new hearing. Tr. 808-34.

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on January 9, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Jennifer F. v. Dudek*
Civil No. 24-0075-CDA
March 28, 2025
Page 2

Following the hearing, on November 8, 2023, the ALJ determined that Plaintiff was not disabled prior to November 28, 2022 but became disabled on that date and remains disabled thereafter. Tr. 778-96. Because the AC did not assume jurisdiction over Plaintiff's case, the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a); 20 C.F.R. § 416.1484(d); 20 C.F.R. § 404.984(d).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff engaged in substantial gainful activity from January 26, 2018, the alleged onset date, to May 2019. Tr. 784. However, the ALJ concluded that "there has been a continuous 12-month period(s) during which [Plaintiff] did not engage in substantial gainful activity." Tr. 784. At step two, the ALJ found that, since the alleged onset date of disability, January 26, 2018, Plaintiff suffered from the severe impairments of "obesity, degenerative disc disease of the lumbar and cervical spine, lumbar and cervical radiculopathy, spinal stenosis, arthritis, and asthma[.]" Tr. 784. The ALJ also determined that all of Plaintiff's other impairments, including migraines and mild sclerosis of the bilateral sacroiliac joins, were considered non-severe impairments. Tr. 785. At step three, the ALJ determined that, since January 25, 2018, Plaintiff had "not had an impairment or combination of impairments that [met] or medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 786. Despite these impairments, the ALJ determined that before November 28, 2022, "the date [Plaintiff] became disabled," Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] required a sit/stand option such that she could change positions as needed every 30 minutes. [Plaintiff] could occasionally climb ramps or stairs. [Plaintiff] could never climb ladders, ropes or scaffolds. [Plaintiff] could occasionally balance, stoop, kneel, crouch or crawl. [Plaintiff] could frequently handle/finger/feel with the left upper extremity. [Plaintiff] needed to avoid concentrated exposure to extreme cold, vibration, wetness, humidity, fumes/dusts/odors/gases/poor ventilation and other pulmonary irritants. [Plaintiff] needed to avoid all exposure to hazards. [Plaintiff] required a cane for ambulation.

*Jennifer F. v. Dudek*
Civil No. 24-0075-CDA
March 28, 2025
Page 3

Tr. 788. The ALJ also determined that since November 28, 2022, Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant requires a sit/stand option such that she can change positions as needed every 30 minutes. The claimant can occasionally climb ramps or stairs. The claimant can never climb ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch or crawl. The claimant can frequently handle/finger/feel with the left upper extremity. The claimant needs to avoid concentrated exposure to extreme cold, vibration, wetness, humidity, fumes/dusts/odors/gases/poor ventilation and other pulmonary irritants. The claimant needs to avoid all exposure to hazards. The claimant requires a rollator walker to ambulate.

Tr. 792. The ALJ concluded that, since January 26, 2018, Plaintiff was unable to perform past relevant work as a Telephone Solicitor (DOT[3] #299.357-014) and a Phlebotomist (DOT #079.364-022). Tr. 793. The ALJ found that before November 28, 2022, Plaintiff could perform other jobs that existed in significant numbers in the national economy, but beginning on November 28, 2022, Plaintiff could not perform other jobs that existed in significant numbers in the national economy. Tr. 794-95. Therefore, the ALJ concluded that Plaintiff was not disabled before November 28, 2022, but became disabled on that date and continued to be disabled through November 8, 2023. Tr. 796.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

[ALJ].").

IV. **ANALYSIS**

Plaintiff's sole argument is that the RFC is not supported by substantial evidence because the ALJ failed to conduct an adequate function-by-function ("FBF") analysis prior to determining that Plaintiff could perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). ECF 12, at 10-18. Defendant counters that the ALJ conducted an adequate FBF analysis that included "a detailed discussion of Plaintiff's functionality as it relates to the ability to perform light work." ECF 14, at 6. For the reasons stated below, the Court finds that the RFC is supported by substantial evidence, and remand is not warranted.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In determining the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. §§ 404.1545(b) and 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. §§ 404.1545(b), 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).

Only after this FBF analysis may an ALJ express the RFC in terms of the exertional level of work that the ALJ believes the claimant is capable of performing. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (holding that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested'" (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam))). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and builds an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

As an initial matter, the Court finds that the ALJ's determination that Plaintiff could perform light work is supported by substantial evidence. With respect to sitting, standing, and walking, the ALJ noted that Plaintiff's statements that "she could not sit or stand for any period of time" and had difficulty walking due to weakness and pain were inconsistent with other evidence: "[t]he records show that [Plaintiff was] able to sit and stand to perform activities [and] . . . was able to ambulate without issue." Tr. 790. The ALJ noted that before November 28, 2022, Plaintiff "engaged in substantial gainful activity[,] . . . stated that she was generally healthy with no change in strength or exercise tolerance[,] . . . could operate a lawn mower[, and] . . . was able to drive, grocery shop, cook, care for her son, do power washing, take down Christmas decorations, [and]

*Jennifer F. v. Dudek*
Civil No. 24-0075-CDA
March 28, 2025
Page 5

lift items overhead into her attic[.]" Tr. 789-91. Moreover, all of Plaintiff's physical examinations rated motor strength in her upper and lower extremities at 5/5 (five out of five). Tr. 789. With respect to all functions, including lifting, carrying, pushing, and pulling, the ALJ assigned persuasive value to the opinion of Dr. Pio Roda. Dr. Pio Roda opined that Plaintiff could occasionally lift or carry 20 pounds, frequently lift or carry 10 pounds, stand or sit for 6 hours, walk for 6 hours, occasionally push or pull 20 pounds, and frequently push or pull 10 pounds. Tr. 790 (citing Tr. 67-84); *see, e.g.*, *Vanesta H. v. Kijakazi*, No. 23-594-CDA, 2023 WL 8716943, at *3 (D. Md. Dec. 18, 2023) (finding the ALJ's determination that the claimant could perform light work supported by substantial evidence because the ALJ assigned persuasive value to medical opinions opining that the claimant could perform light work); *Janell W. v. Kijakazi*, No. BAH-22-2339, 2023 WL 4456848, at *3 (D. Md. July 11, 2023) (finding that although the ALJ did not "perform an explicit analysis of" the claimant's ability to lift, carry, push, or pull, the ALJ "accounted for" these functions by assigning persuasive value to medical opinions that explicitly addressed such functions). The ALJ also noted that Plaintiff could lift heavy totes, "take down Christmas decorations, [and] lift items overhead into her attic[.]" Tr. 790-91. Moreover, all of Plaintiff's physical examinations showed 5/5 motor strength in her upper and lower extremities. Tr. 789. Put simply, this evidence provides the requisite "accurate and logical bridge" to the ALJ's determination that Plaintiff could perform light work. *Woods*, 888 F.3d at 694.

Plaintiff takes issue with the FBF analysis for two more reasons. Plaintiff first asserts that the ALJ's failure to explicitly examine each function of the FBF analysis requires remand. ECF 12, at 14-15. However, any failure to explicitly examine each function of the FBF analysis does not, on its own, warrant remand. *See William C. v. Kijakazi*, No. BAH-21-2768, 2022 WL 17850362, at *4 (D. Md. Dec. 22, 2022) (citing *Mascio*, 780 F.3d at 636) ("[A]ny failure by the ALJ to perform a function-by-function analysis of Plaintiff's ability to carry, lift, push, or pull, where, as here, there is no evidence that more robust analysis would lead to a different result, constitutes harmless error."). Instead, Plaintiff must argue that such failure affected the ALJ's disability determination, which she fails to do here. *See Derek P. v. Kijakazi*, No. 23-010-CDA, 2023 WL 7324727, at *4 (D. Md. Nov. 7, 2023) ("[B]ecause Plaintiff offers no other explanation of how the ALJ's failure to evaluate these additional functions affected the ALJ's disability determination, the Court disagrees with Plaintiff that remand is warranted due to the ALJ's failure to evaluate his ability to sit, stand, carry, push, or pull.").

Plaintiff next asserts that the ALJ contradicted themselves when finding both that Plaintiff "required a sit/stand option such that she could change positions as needed every 30 minutes" and that Plaintiff could perform light work. According to Plaintiff, the sit/stand finding "limits the total amount of time Plaintiff could perform combined standing/walking functions to exactly . . . 4 hours [of a workday.]" ECF 12, at 15-17. The Court disagrees with Plaintiff that the ALJ's findings are contradictory. A straightforward reading of the RFC and the ALJ's decision evinces that the sit/stand finding was included as an option to "account for [Plaintiff]'s back pain, neck pain, or obesity" rather than a limitation. Tr. 790. To be sure, the ALJ stated that Plaintiff "*could* change positions *as needed*[,]" Tr. 788 (emphasis added), and concluded that the evidence "does not support a limitation to the sedentary exertional levels" and that Plaintiff's "pain symptoms support a sit/stand option . . . because . . . [Plaintiff] was able to ambulate without issue" before

*Jennifer F. v. Dudek*
Civil No. 24-0075-CDA
March 28, 2025
Page 6

November 28, 2022, Tr. 791.  Notably, Plaintiff does not advocate for a limitation to sedentary work.  *See Derek P.*, 2023 WL 7324727, at *4 (noting that the claimant's failure to "argue that the evidence in this case warranted a limitation to sedentary work" weighed in favor of finding remand not warranted).  The fact that the finding creates a *possibility* that Plaintiff could sit or stand for 4 hours does not mean that the ALJ concluded that Plaintiff could only sit or stand for 4 hours (and thus be unable, under any circumstance, to perform light work).  As stated above, the ALJ determined that Plaintiff could perform light work, and such conclusion is supported by substantial evidence.

## V.     CONCLUSION

For the reasons set forth herein the Court will AFFIRM the SSA's decision.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.


                                Sincerely,

                                /s/

                                Charles D. Austin
                                United States Magistrate Judge